FILED
U.S. DISTRICT COURT
_____ DIV.
2011 FEB -1 AM 10: 33
CLERK R Ouk
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JULU A. ROSS,

   Petitioner,

v.            CIVIL ACTION NO.: CV210-136

UNITED STATES OF AMERICA,   (Case No. CR209-53)

   Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Julu A. Ross ("Ross"), who is currently incarcerated at D.Ray James Detention Center in Folkston, Georgia, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Government filed a Response/Motion to Dismiss, and Petitioner filed a Reply. For the reasons which follow, Petitioner's motion should be **DENIED**.

## STATEMENT OF THE CASE

On October 14, 2009, Ross was arrested on outstanding warrants. (CR2:09-53, Doc. No. 1, p. 2). While waiting for Ross to exit his residence, officers recovered a sweatshirt that matched the description of clothing worn in a previous armed robbery. (Id.). Investigators obtained a search warrant for Ross's residence and discovered firearms inside the house. (Id.). Ross had previously been convicted of robbery in Monroe County, New York. (Id. at Doc. No. 3). Ross was indicted for possession of

ammunition and firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Id.).

Ross agreed to plead guilty to the charge, and was sentenced to thirty-three months' imprisonment. Ross did not appeal, but filed the instant motion asserting three grounds for setting aside his conviction and sentence: 1) this Court lacked jurisdiction to enter its judgment because it violated double jeopardy; 2) ineffective assistance of counsel; and 3) the conviction and sentence violated the Second Amendment.

## DISCUSSION AND CITATION TO AUTHORITY

### I. Double Jeopardy

Ross claims his sentence violates the double jeopardy clause. The Government points out that Ross has not been convicted under any state charges, and even if he had been, a state conviction would not violate double jeopardy.

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall be "subject for the same offence to be twice put in jeopardy of life or limb." The Clause protects against a second prosecution for the same offense after acquittal, and against a second prosecution for the same offense after conviction. Jones v. Thomas, 491 U.S. 376, 380-81 (1989). However, a successive prosecution of the same offense by the state and federal government does not violate double jeopardy because the state and federal governments, as separate sovereigns, are both entitled to prosecute the crime. United States v. Lanza, 260 U.S. 377, 382 (1922).

Ross has not been prosecuted by Georgia for the offense to which he pled guilty in this Court. Even if he had been prosecuted and convicted, his guilty plea in this Court

would not violate the Double Jeopardy Clause because both this Court and the state court are entitled to prosecute Ross for this crime.

## II. Ineffective Assistance of Counsel

Ross asserts he received ineffective assistance of counsel because his appointed counsel failed to challenge what he believed was an illegal search warrant, which led to the discovery of a jacket allegedly worn by Ross during a robbery.

Strickland v. Washington, 466 U.S. 668 (1984), is the governing Supreme Court precedent in analyzing ineffective assistance of counsel claims. To obtain relief under Strickland, a petitioner "must show (1) counsel's performance was deficient and (2) that deficiency prejudiced him." Strickland, 466 U.S. at 687. Counsel's performance is deficient when it falls "below an objective standard of reasonableness," Chandler v. United States, 218 F.3d 1305, 1312 (11th Cir. 2000), which means that it is "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Further, "the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler, 218 F.3d at 1313 (citing Burger v. Kemp, 483 U.S. 776, 794 (1987)).

Courts conduct a highly deferential review of counsel's performance and "indulge [the] strong presumption that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Id. at 1314 (alteration in original) (quoting Strickland, 466 U.S. at 689-90). "[F]or a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action his counsel did take." Id. The prejudice standard of Strickland requires that there be "a reasonable probability that, but

for counsel's unprofessional errors, the result of the proceeding would have been different." Gilliam v. Secretary for Dept. of Corrections, 480 F.3d 1027, 1033 (11th Cir. 2007). "Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." Kimmelman v. Morrison, 477 U.S. 365, 375 (1986).

Ross's allegations concerning his counsel's alleged ineffectiveness are without merit. Ross pled guilty to possession of a firearm by a convicted felon. The facts indicate that the discovery of Ross's jacket was proper because the jacket was found outside in plain view while the officers were waiting for Ross to exit his house. See Hornton v. California, 496 U.S. 128 (1990). Even had the discovery been improper, it would have no impact on the firearms charge. Ross does not allege that his attorney should have moved to suppress the firearms, and he elaborates in his Reply brief that his attorney explained to him that she did not believe the search warrant was improperly executed and if she tried to challenge the search warrant, Ross could lose points for acceptance of responsibility, which would increase Ross's sentence. Ross has failed to allege any facts indicating that his counsel's performance was deficient, and therefore his ineffective assistance of counsel claim has no merit.

### III. Second Amendment

Ross's conviction for possession of a firearm did not violate the Second Amendment. By federal statute, it is unlawful for any person who has been convicted of

a crime punishable by imprisonment for a term exceeding one year to possess a firearm. 18 U.S.C. § 922(g)(1). The Eleventh Circuit has ruled that a defendant's Second Amendment rights are not violated by the restrictions of 18 U.S.C. § 922(g)(1). See United States v. Rozier, 598 F.3d 768 (11th Cir. 2010) (Second Amendment rights were not violated by prosecution for possessing a firearm and ammunition as a convicted felon, regardless of whether the firearms were possessed for purposes of self-defense in defendant's home).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the motion to set aside, vacate, or correct sentence, brought pursuant to 28 U.S.C. § 2255, be **DENIED.** This Petition should be **DISMISSED.**

**SO REPORTED** and **RECOMMENDED**, this 1st day of February, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE